UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

JAMES B. FELLUS,

          Petitioner,

- against -

STERNE, AGEE & LEACH, INC.,

          Respondent.

------------------------------------------------------- X

**OPINION AND ORDER**

**10 Civ. 8881 (SAS)**

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

      James B. Fellus moves to confirm an arbitration award issued by a Financial Industry Regulatory Authority ("FINRA") arbitration panel against Sterne, Agee & Leach, Inc. ("SAL"), resolving a dispute arising from an employment agreement between the parties. In seeking confirmation, Fellus relies on the Federal Arbitration Act ("FAA").[1] SAL moves to vacate or modify the arbitration award, or in the alternative, to transfer venue to the United States District Court for the Northern District of Alabama pursuant to section 1404(a) of Title 28 of the United States Code. For the reasons set forth below, Fellus's

---

[1] 9 U.S.C. § 1 *et seq.*

1

motion to confirm the arbitration award is granted, and SAL's motion to vacate or modify the award, or in the alternative, to transfer venue is denied.

## II. BACKGROUND

Fellus was employed as Senior Managing Director of SAL's Fixed Income Capital Markets Division in New York from January 1, 2006 to April 9, 2008, when SAL terminated Fellus.[2] In January 2009, Fellus sought damages before a FINRA arbitration panel, arguing that SAL terminated him without cause, which entitles him to damages under the parties' employment agreement.[3] In October 2010, a three-day arbitration hearing was held before a three-person panel in Birmingham, Alabama.[4] The parties presented arguments and evidence regarding relevant provisions of the employment agreement, including a provision which permitted SAL to terminate Fellus for cause should Fellus fail to add minimum levels of revenue to SAL's Fixed Income Capital Markets Division ("minimum revenue requirements").[5] At the end of the arbitration hearing, Fellus

---

[2] *See* Sterne, Agee & Leach, Inc.'s Memorandum of Law in Opposition to Fellus's Motion to Confirm Arbitration Award and in Support of Its Motion to Vacate or Modify the Arbitration Award ("Resp. Mem.") at 1-2.

[3] *See* Fellus's Memorandum of Law in Support of His Motion to Confirm Arbitration Award ("Pet. Mem.") at 2.

[4] *See* Resp. Mem. at 3.

[5] *See id.* at 1, 3-4.

submitted an exhibit related to the calculation of the minimum revenue requirements ("revenues exhibit").[6] SAL objected to the use of this exhibit but was overruled.[7]

On November 1, 2010, the arbitrators issued an award in Fellus's favor, determining that the firing was without cause and that SAL shall pay damages plus interest in the amount of $5,695,124.[8] The award did not explain the rationale behind the arbitrators' decision.[9] On November 8, 2010, SAL contacted FINRA, seeking to dismiss Fellus's claim or reopen the record to resolve what SAL viewed as a miscalculation of the minimum revenue requirements.[10] FINRA staff declined to forward SAL's letter to the arbitrators, noting that FINRA Rule 13905(a)(2), upon which SAL relied, is limited to correcting typographical errors.[11]

Also on November 8, 2010, Fellus sought confirmation of the arbitration award in New York State Supreme Court, New York County.[12] On

---

[6]   See id. at 4.

[7]   See id.

[8]   See Pet. Mem. at 2.

[9]   See id. at 17-18.

[10]  See id. at 2-3; Resp. Mem. at 5.

[11]  See Resp. Mem. at 5.

[12]  See Pet. Mem. at 3.

November 24, 2010, SAL removed this case to this Court, while at the same time filing a case in the Northern District of Alabama, seeking to vacate or modify the award.[13] SAL now moves to vacate or modify the award, or in the alternative, to transfer venue in this case to the Northern District of Alabama pursuant to section 1404(a).[14] SAL argues that the arbitrators misunderstood or misapplied the minimum revenue requirements, using incorrect numbers found in Fellus's revenues exhibit.[15] In SAL's view, had the arbitrators made a correct calculation, they would have found in SAL's favor, concluding that the termination was for cause and that SAL owes no damages to Fellus.[16] Pending this Court's decision on these motions, the parties consented to stay the action in the Northern District of Alabama.

## III. LEGAL STANDARD

### A. Motion to Transfer Venue

---

[13] *See id.*

[14] Initially, SAL moved to dismiss the case in this Court for lack of personal jurisdiction, insufficient process and service of process, and improper venue, or in the alternative, to stay and transfer. Subsequent to a conference before this Court on December 7, 2010, SAL withdrew its motion to dismiss, and instead, moved to transfer venue pursuant to section 1404(a). *See id.*

[15] *See* Resp. Mem. at 12-13.

[16] *See id.*

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In order to transfer a civil action under section 1404(a), the moving party must satisfy two requirements. *First*, the transferee court must be able to exercise jurisdiction over the parties and must be an appropriate venue for the action; *second*, the balance of convenience and justice must favor transfer.[17] The second requirement "is essentially an equitable task left to the Court's discretion."[18] Thus, the court has "broad discretion" and decides based on "notions of convenience and fairness on a case-by-case basis."[19] The movant bears the burden of showing that transfer is warranted.[20]

To determine whether transfer is warranted, the court considers (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and ease of access to sources of proof, (4) the convenience of

---

[17]  *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988).

[18]  *Citigroup, Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000) (citation and quotation marks omitted).

[19]  *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (citing *Stewart Org.*, 487 U.S. at 29).

[20]  *See Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

the parties, (5) the locus of operative facts, (6) availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.[21]

### B.  Motion to Confirm the Arbitration Award and Motion to Vacate or Modify the Arbitration Award

The FAA provides that an arbitration award must be confirmed unless it is vacated, modified, or corrected as prescribed in sections 10 and 11 therein.[22] Arbitration awards are "subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation."[23] Thus, an arbitration award is entitled to strong deference and should be "enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'"[24] Arbitrators are not required to disclose the basis upon which their awards are

---

[21]  *See Solar v. Annetts*, 707 F. Supp. 2d 437, 442 (S.D.N.Y. 2010) (citations omitted).

[22]  *See* 9 U.S.C. § 9.

[23]  *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008) (citation and quotation marks omitted).

[24]  *Id.* (citations and quotation marks omitted).

made.[25] The party seeking to vacate the award bears the burden of proof and "the showing required to avoid confirmation is very high."[26]

## IV.   APPLICABLE LAW

### A.   Grounds for Vacatur Under Section 10(a)

#### 1.   Section 10(a)(3)

FAA section 10 provides grounds for vacating an arbitration award.[27] Specifically, section 10(a)(3) provides for vacatur "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy." To vacate an award on this ground, the "misconduct must amount to a denial of fundamental fairness of the arbitration proceeding."[28] Arbitrators enjoy "broad discretion" on whether to hear evidence and do not need to allow parties to "present every piece of relevant evidence."[29] The arbitrators need only hear "enough evidence to make an informed decision."[30]

---

[25]  *Id.* (citing *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1214 (2d Cir. 1972)).

[26]  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

[27]  *See* 9 U.S.C. § 10.

[28]  *AT&T Corp. v. Tyco Telecomms., Inc.*, 255 F. Supp. 2d 294, 303 (S.D.N.Y. 2003) (citations and quotation marks omitted).

[29]  *Id.* (citations and quotation marks omitted).

[30]  *Id.* (citation and quotation marks omitted).

### 2. Section 10(a)(4)

FAA section 10(a)(4) provides for vacatur "where the arbitrators exceeded their powers." The Second Circuit has "consistently accorded the narrowest of readings" for vacatur under section 10(a)(4), and the proper inquiry is "whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue."[31] A party cannot successfully argue that the arbitrators exceeded their authority to award damages where the party did not dispute the arbitrators' authority to award damages generally, but only that they did not properly award damages under the specific facts of the case.[32]

### B. Ground for Modification Under Section 11(a)

FAA section 11(a) provides for modification of an arbitration award "where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award." Modification based on evident material miscalculation is generally limited to patently obvious mistakes on the face of the award, such as where the

---

[31] *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, — U.S. —, 130 S. Ct. 1758, 1780 (2010) (citations and quotation marks omitted).

[32] *See Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 219-20 (2d Cir. 2002).

award would provide for double recovery.[33] Section 11(a) does not permit modification where the award is "not the result of some careless or obvious mathematical mistake, but rather the disposition of a substantive dispute that lays at the heart of the arbitration."[34] Thus, it is improper for the court to review the arbitrators' "determination on the merits of the controversy."[35]

## V. DISCUSSION

### A. Transfer of Venue Is Denied

Of the two requirements to transfer venue under section 1404(a), the first requirement regarding venue and jurisdiction is not in dispute here. As to the second requirement regarding convenience and justice, the balance of factors weighs against transfer, as discussed below. Therefore, transfer of venue is denied.

#### 1. Fellus's Choice of Forum; Trial Efficiency

Generally, a plaintiff's choice of forum will not be disturbed "unless

---

[33] *See Companhia de Navegaçao Maritima Netumar v. Armada Parcel Serv., Ltd.*, No. 96 Civ. 6441, 2000 WL 60200, at *6-*7 (S.D.N.Y. Jan. 25, 2000) [hereinafter *Netumar*]; *Laurin Tankers Am., Inc. v. Stolt Tankers, Inc.*, 36 F. Supp. 2d 645, 649-50 (S.D.N.Y. 1999).

[34] *Netumar*, 2000 WL 60200, at *6.

[35] *Id.* at *8.

the balance of the factors weighs strongly in favor of transfer."[36] Deference to a plaintiff's choice of forum is strongest when the plaintiff sues in his home forum.[37] Fellus resides in New York and his prior employment with SAL, the subject of the arbitration, was also in New York.[38] A plaintiff's choice may be given less weight if circumstances indicate suspect motivations, such as forum shopping,[39] which are absent here. Therefore, Fellus's choice of forum weighs against transfer.

Fellus points out that the Alabama action is assigned to a Magistrate Judge.[40] Although SAL responds that the Magistrate Judge would rule only on non-dispositive matters without the parties' consent,[41] Fellus could appeal a recommendation on a dispositive issue to a District Judge and this would delay the final resolution of this case. Therefore, trial efficiency weighs against transfer.

### 2. Convenience of Witnesses; Availability of Process to Compel Attendance of Unwilling Witnesses

---

[36] *Medisim, LTD v. BestMed, LLC*, No. 10 Civ. 2463, 2010 WL 2697073, at *2 (S.D.N.Y. July 7, 2010) (citation and quotation marks omitted).

[37] *See Pollux Holding, Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 71 (2d Cir. 2003) (citations omitted).

[38] *See* Pet. Mem. at 24.

[39] *See, e.g., Grace v. Bank Leumi Trust Co. of N.Y.*, No. 02 Civ. 6612, 2004 WL 639468, at *5 (S.D.N.Y. Mar. 31, 2004).

[40] *See* Pet. Mem. at 24.

[41] *See* Resp. Mem. at 23.

The party seeking transfer based on the convenience of witnesses must provide a list of probable witnesses who would be inconvenienced without the transfer.[42] SAL has not identified any such witnesses. Therefore, the convenience of witnesses is a neutral factor.

Similarly, SAL does not seek to compel the attendance of unwilling witnesses. Therefore, availability of process to compel the attendance of unwilling witnesses is also a neutral factor.

### 3. Location of Documents and Ease of Access to Proof

The location of documents is "not a compelling consideration when records are easily portable."[43] The confirmation of an arbitration award is based on the record of arbitration proceedings, which is easily portable. Therefore, location of documents and access to proof is a neutral factor.

### 4. Convenience of the Parties; Relative Means of the Parties

New York is presumably more convenient for Fellus, a New York resident.[44] Alabama is arguably more convenient for SAL whose principal place of

---

[42] *See Medisim Ltd.*, 2010 WL 2697073, at *2 (citing *Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000)).

[43] *Id.* (citations and quotation marks omitted).

[44] *See* Pet. Mem. at 24.

business is located there.[45] However, SAL also has a New York office.[46] Therefore, the convenience of the parties is a neutral factor. The relative means of the parties also weighs against transfer because Fellus is an individual whereas SAL is a corporation.

### 5. Locus of Operative Facts

"The locus of operative facts in an action brought pursuant to the FAA is the site where the arbitration took place," not where the underlying arbitrated dispute arose.[47] This is because the court "does not revisit the underlying issues determined by the arbitrators," but rather, "what the arbitrators did and whether their actions warrant vacation . . . ."[48] In this case, the arbitration took place in Alabama.[49] Therefore, the locus of operative facts supports transfer.

### 6. Forum's Familiarity with Governing Law

The parties bring their actions pursuant to the FAA, a federal statute with which the district courts in New York and Alabama are equally familiar.

---

[45] *See* Fellus's Motion to Confirm Arbitration Award, Notice of Removal ¶ 7.

[46] *See* Pet. Mem. at 24.

[47] *Crow Constr. Co. v. Jeffrey M. Brown Assocs., Inc.*, No. 01 Civ. 3839, 2001 WL 1006721, at *3 (S.D.N.Y. Aug. 31, 2001).

[48] *Id.*

[49] *See* Resp. Mem. at 3.

Therefore, the forum's familiarity with governing law is a neutral factor.

In sum, the factors collectively weigh against transfer. While the situs of the arbitration is presumably mutually convenient for the parties, this presumption is rebuttable.[50] Here, Fellus's choice of forum, trial efficiency, and the relative means of the parties weigh against transfer. Only the locus of operative facts supports a transfer, and the rest of the factors are neutral. Therefore, transfer of venue is denied based on the totality of circumstances, this Court's broad discretion, and SAL's failure to carry its burden of proof.

### B. Vacatur or Modification of the Arbitration Award Is Denied

#### 1. Vacatur Is Not Warranted Under Section 10(a)(3)

SAL argues that the arbitration award should be vacated under section 10(a)(3) because the arbitrators were guilty of misconduct by denying SAL the opportunity to dispute Fellus's revenues exhibit at the end of the arbitration hearing and after the award was issued.[51] Arbitrators enjoy broad discretion to decide whether to hear certain evidence and need not hear every piece of relevant evidence. As distinguishable from a proceeding where the parties are denied the

---

[50] *See Motion Picture Lab. Technicians Local 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 18 (2d Cir. 1986); *Prozina Shipping Co. v. Elizabeth-Newark Shipping Inc.*, No. 98 Civ. 5834, 1999 WL 203356, at *4 (S.D.N.Y. Apr. 12, 1999) (citations omitted).

[51] *See* Resp. Mem. at 4-5.

opportunity to present any evidence, oral or written, which may amount to a denial of fundamental fairness, the arbitrators need only hear enough evidence to make an informed decision.[52]

SAL does not dispute that it made arguments throughout the arbitration hearing regarding the disputed numbers. In fact, SAL admits that "[t]he parties and Panel had devoted extensive attention to calculations of applicable revenues under the Minimum Revenue Requirements during the Hearing" and that both sides presented their calculations to the arbitrators.[53] Also, the arbitrators commented that Fellus's revenues exhibit may or may not be relevant to their final determination.[54] Therefore, the arbitrators' conduct does not amount to a denial of fundamental fairness warranting vacatur of the arbitration award.

### 2. Vacatur Is Not Warranted Under Section 10(a)(4)

SAL argues that the arbitrators' determination is "based on a misapprehension of material fact" regarding the minimum revenue requirements,

---

[52] *See e.g.*, *In re Griffin*, 58 F. Supp. 2d 212, 220 (S.D.N.Y. 1999) (citing *Cofinco, Inc. v. Bakrie & Bros., N.V.*, 395 F. Supp. 613, 615 (S.D.N.Y. 1975)).

[53] Resp. Mem. at 3.

[54] *See* Pet. Mem. at 21.

14

and therefore, the arbitrators exceeded their authority.[55] In essence, SAL is arguing that the arbitrators reached the wrong decision on the facts. The inquiry under section 10(a)(4) is not whether the arbitrators correctly decided an issue, but rather, whether they had the authority to do so based on the parties' submissions. SAL does not dispute that the arbitrators had authority to award damages generally, but only that they did so incorrectly based on the facts. Therefore, the arbitrators did not exceed their powers such as to warrant vacatur of the arbitration award.

### 3. Modification Is Not Warranted Under Section 11(a)

SAL argues that the arbitration award is a result of miscalculations regarding the revenue numbers disputed at the arbitration.[56] SAL insists that had the arbitrators correctly applied the revenue numbers to the minimum revenue requirements, they would have found that SAL terminated Fellus for cause, and thus, owes no damages to Fellus.[57] Section 11(a) does not permit modification based on alleged mistakes regarding substantive disputes at the heart of the arbitration. It is improper for a court to review the arbitrators' decision on the merits. SAL does not point to any patently obvious miscalculation on the face of

---

[55] Resp. Mem. at 6-14.

[56] *See id.* at 12-13.

[57] *See id.*

the award, nor can it do so, for the award does not explain the arbitrators' rationale in reaching their decision or reference any numbers other than the total damages awarded.[58] Therefore, the arbitration award does not contain an evident material miscalculation warranting modification.

In sum, this Court cannot review the arbitration award without reconsidering the merits of the arbitrated dispute, which is improper.[59] Rather, the award should be confirmed "if a ground for the arbitrator[s'] decision can be inferred from the facts of the case."[60] The arbitrators could have based the award on grounds wholly independent of the disputed revenue numbers, such as SAL's failure to give Fellus thirty days' notice to cure any defaults under the employment agreement.[61] SAL fails to carry its burden of providing a basis to vacate or modify the award sufficient to overcome the strong deference owed to arbitration awards. Therefore, vacatur or modification of the arbitration award is denied.

## VI. CONCLUSION

---

[58] *See* Pet. Mem. at 17-18.

[59] *See Netumar*, 2000 WL 60200, at *8.

[60] *D.H. Blair & Co.*, 462 F.3d at 110 (citations and quotation marks omitted).

[61] *See* Pet. Mem. at 18.

For the foregoing reasons, Fellus's motion to confirm the arbitration award is granted. SAL's motion to vacate or modify the arbitration award, or in the alternative, to transfer venue is denied. The Clerk of the Court is directed to close these motions (Docket # 8, 16), and this case. In doing so, the Clerk is also directed to close SAL's motion to dismiss for lack of personal jurisdiction, insufficient process and service of process, and improper venue (Docket # 3), which SAL withdrew during a December 7, 2010 conference before this Court and for which it confirmed withdrawal in a February 24, 2011 telephone call to chambers.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         March 29, 2011

## - Appearances -

**For Petitioner:**

Eric R. Stern, Esq.
Sack & Sack, LLP
150 Broadway, 4th Floor
New York, New York 10038
(212) 702-9000

**For Respondent:**

J. Michael Rediker, Esq.
Peter J. Tepley, Esq.
Reginald L. Jeter, Esq.
Haskell Slaughter Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205) 251-1000
(205) 254-1407

Leo Kayser, III, Esq.
Kayser & Redfern, LLP
515 Madison Avenue, 30th Floor
New York, New York 10022
(212) 935-5057